NO.
12-10-00155-CR

            

IN THE COURT OF
APPEALS 

 

            TWELFTH
COURT OF APPEALS DISTRICT

 

                                      TYLER, TEXAS

MILTON
LYNCH,                                             §                 APPEAL
FROM THE 7TH

APPELLANT

 

V.                                                                         §                 JUDICIAL
DISTRICT COURT

 

THE STATE OF TEXAS,

APPELLEE                                                        §                 SMITH
COUNTY, TEXAS

                                                        
                                         

MEMORANDUM OPINION

PER CURIAM

Milton
Lynch appeals his conviction for burglary of a habitation. Appellant=s counsel filed a brief in compliance with Anders
v. California, 386 U.S. 738, 87 S. Ct. 1396, 18 L. Ed. 2d 493 (1967)
and Gainous v. State, 436 S.W.2d 137 (Tex. Crim. App. 1969).  We
dismiss Appellant=s appeal.

 

Background

Appellant
was charged by indictment with the offense of a burglary of a habitation, a
second degree felony.[1]  The indictment also included two
felony enhancement paragraphs.[2]  Appellant entered an “open”
plea of guilty to the offense charged in the indictment, and pleaded Atrue@ to both felony enhancement
paragraphs.  Appellant and his counsel signed an agreed punishment
recommendation, an acknowledgment of admonishments, a waiver of jury trial, an
agreement to stipulate testimony, and a stipulation of evidence in which
Appellant swore that all allegations pleaded in the indictment were true and
correct.  However, Appellant did not waive his right to appeal.

After
a punishment hearing, the trial court adjudged Appellant guilty of burglary of
a habitation, found the enhancement paragraphs to be Atrue,@ and assessed his punishment at
thirty-five years of imprisonment and court costs. This appeal followed.

 

Analysis
Pursuant to Anders v. California

Appellant=s counsel filed a brief in compliance with Anders
and Gainous, stating that he has diligently reviewed the
appellate record and is of the opinion that the record reflects no reversible
error and that there is no error upon which an appeal can be predicated. From
our review of Appellant=s brief, it is apparent that his
counsel is well acquainted with the facts in this case. In compliance with Anders,
Gainous, and High v. State, 573 S.W.2d 807, 812
(Tex. Crim. App. 1978), counsel=s brief presents a chronological
summation of the procedural history of the case, and further states that counsel
is unable to raise any arguable issues for appeal.[3] We have reviewed the record for
reversible error and have found none. See Bledsoe v. State, 178
S.W.3d 824, 826-27 (Tex. Crim. App. 2005).

 

Conclusion

As
required, Appellant=s counsel has moved for leave to
withdraw. See In re Schulman, 252 S.W.3d 403, 407 (Tex. Crim.
App. 2008) (orig. proceeding); Stafford v. State, 813 S.W.2d 503,
511 (Tex. Crim. App. 1991). We agree with Appellant=s counsel that the appeal is wholly frivolous and
his motion for leave to withdraw is hereby granted.  See In
re Schulman, 252 S.W.3d at 408-09.

Counsel
has a duty to, within five days of the date of this opinion, send a copy of the
opinion and judgment to Appellant and advise him of his right to file a
petition for discretionary review.  See Tex. R. App. P. 48.4; In re Schulman, 252
S.W.3d at 411 n.35.  Should Appellant wish to seek further review of this case
by the Texas Court of Criminal Appeals, he must either retain an attorney to
file a petition for discretionary review or he must file a pro se petition for
discretionary review.  See In re Schulman, 252 S.W.3d at 408
n.22.  Any petition for discretionary review must be filed within thirty days
from the date of either this opinion or the last timely motion for rehearing
that was overruled by this court.  See Tex.
R. App. P. 68.2.  Any petition for discretionary review must be filed
with this court, after which it will be forwarded to the Texas Court of Criminal
Appeals along with the rest of the filings in this case.  See Tex. R. App. P. 68.3; In re
Schulman, 252 S.W.3d at 408 n.22.  Any petition for discretionary
review should comply with the requirements of Rule 68.4 of the Texas Rules of
Appellate Procedure.  See Tex. R.
App. P. 68.4; In re Schulman, 252 S.W.3d at 408 n.22.

We
dismiss Appellant=s appeal.

Opinion
delivered April 29, 2011.

Panel
consisted of Worthen, C.J., Griffith, J., and Hoyle, J.

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

(DO NOT PUBLISH)









[1] See Tex. Penal Code Ann. § 30.02(a), (c)(2)
(Vernon 2003).





[2] If it is shown on the trial of a
felony offense other than a state jail felony that the defendant has previously
been finally convicted of two felony offenses, and the second previous felony
conviction is for an offense that occurred subsequent to the first previous
conviction having become final, on conviction he shall be punished by
imprisonment for life, or for any term of not more than ninety-nine years or
less than twenty-five years.  See Tex.
Penal Code Ann. § 12.42(d) (Vernon Supp. 2010).





[3] Counsel for
Appellant certified that he provided Appellant with a copy of his brief and
informed Appellant that he had the right to file his own brief. Appellant was
given time to file his own brief, but the time for filing such a brief has
expired and we have received no pro se brief.